**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CAROLYN BONNET AND TROY** | § | |
| **BONNET,** | § | |
| | § | |
| **V.** | § | **A-13-CV-1076-LY** |
| | § | |
| **LOGAN'S ROADHOUSE OF TEXAS,** | § | |
| **INC., LRI HOLDINGS, INC., AND** | § | |
| **LOGAN'S ROADHOUSE, INC.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Motion to Remand or Motion for Leave to Amend Plaintiffs' Complaint (Dkt. No. 7); Defendants' Response (Dkt. No. 8); Plaintiffs' Reply in Support (Dkt. No. 11); and Defendants' Response Thereto (Dkt. No. 12). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having reviewed the parties' filings, the entire case file, and the applicable law, the Court enters the following Report and Recommendation.

**I.  GENERAL BACKGROUND**

Plaintiffs Carolyn Bonnet and Troy Bonnet bring the instant suit to recover damages for personal injuries sustained as a result of an incident that occurred on the property of Defendants Logan Roadhouse of Texas, Inc., LRI Holdings, Inc., and Logan's Roadhouse, Inc. (collectively referred to as "LRI"). Dkt. No. 7, Exh. A at 3. Carolyn Bonnet alleges that on or about August 19, 2012, she went to a Logan's Roadhouse location to eat with a group of friends. *Id.* She states that

she went to the restroom while the rest of her party was escorted to their table, which required them to walk up a ramp leading to the location where they would be seated. *Id.* Carolyn Bonnet submits that several members of her party slipped on the floor as they walked up the ramp and complained about the unsafe conditions to the hostess. *Id.* As Carolyn Bonnet returned from the restroom to rejoin her party, she fell while making her way up the ramp, sustaining injuries as a result. *Id.* Carolyn Bonnet alleges that LRI was negligent in its operation of the restaurant in question and seeks damages for her personal injuries. Dkt. No. 7, Exh. 1 at 4–5. Troy Bonnet seeks damages for loss of consortium. *Id.* at 5–6.

This case was originally filed on November 14, 2013, in the state district court for Williamson County, Texas. Dkt. No. 7, Exh. 1. LRI removed this case to federal court on December 19, 2013, on the basis of diversity of citizenship of the parties. Dkt. No. 1, ¶ 3. LRI contends that Logan's Roadhouse, Inc., an entity incorporated under the laws of Tennessee, is the only proper party in this case. *Id.* Plaintiffs Carolyn and Troy Bonnet (collectively "the Bonnets") filed the instant Motion to Remand to State Court on January 20, 2014. Dkt. No. 7. After its initial review, the Court determined that it may need more facts concerning Logan's Roadhouse of Texas, Inc. ("LRT"), and its relationship to the premises at issue before issuing a decision. The Bonnets filed their Reply in Support of their Motion on March 14, 2014 (Dkt. No. 11); LRT responded on March 21, 2014 (Dkt. No. 12). After reviewing all of the parties' filings pertaining to this issue, as well as the relevant law, the Court enters the following Report and Recommendation.

### III.  ANALYSIS

The parties' main dispute focuses on whether LRT is a proper party to this lawsuit. Given that LRT is the only defendant entity incorporated in Texas, the resolution of this issue greatly

impacts whether LRI may remove this case to federal court based upon diversity jurisdiction. In its Notice of Removal, LRI argues that the joinder of LRT was improper because the entity has "no real connection with the controversy involved in this lawsuit." Dkt. No. 1, ¶ 3. According to LRI, LRT "does not own, operate, or maintain the premises at issue in this case . . . ." *Id.* Apparently, LRT is a corporation formed solely to hold liquor licenses in Texas and is not involved with the operation or maintenance of the restaurant. Dkt. No. 8, ¶ 10. Rather, it is Logan's Roadhouse, Inc., that owns all food permits, manages employees, and oversees operations in relation to the restaurant in question in this lawsuit. *Id.* In response, the Bonnets contend that LRT is a proper party to this suit because, as the holder of the liquor license, LRT has a duty to control the premises. Dkt. No. 7, ¶ 6. Citing the Texas Alcoholic Beverage and Administrative Codes, the Bonnets argue that liquor license holders are required to maintain sanitary conditions and to follow all city codes related to health, safety, and welfare. *Id.* Based on this, Bonnet submits that LRT had a legal to duty to control the premises, including the restaurant where Carolyn Bonnet fell in August 2012. *Id.* Furthermore, to the extent the Court considers the affidavit provided by LRI regarding LRT's role and operations, Bonnet contends that the affidavit is merely conclusory and insufficient to support LRI's removal to federal court. *Id.* ¶ 7.

Unfortunately, the parties' responses to the Court's February 27, 2014, Order (Dkt. No. 10) did not added much, if anything, to their existing arguments. The Bonnets reiterate that the Texas Alcoholic and Beverage Code ("TABC") gives LRT control over the premises at issue in this case. Dkt. No. 11, ¶ 3. They argue that the affidavit of John Gluth, the Director of Risk Management for Logan's Roadhouse, Inc., is irrelevant because more than one party may have control over the premises. *Id.* ¶ 2. The Bonnets also contend that *Pichardo v. Big Diamond, Inc.*, 215 S.W.3d 497,

502 (Tex.App.—Fort Worth 2007, no pet.) is inapplicable to this case because that decision "started at a place where control was possible and only found summary judgment proper after oral deposition of the officer of the instate defendant." *Id.* ¶ 5. The Bonnets submit that such a standard of proof has not been met in this case. *Id.* LRI responds by directing the Court's attention to Gluth's affidavits, arguing that the affidavits establish that LRT does not operate or control the restaurant in question. Dkt. No. 12, ¶ 2. LRI also urges a narrower reading of the TABC and the Texas Administrative Code ("TAC") than the Bonnets, stating that the provisions cited by the Bonnets apply to the sale of alcohol. *Id.* ¶¶ 3–5. LRI characterizes the Bonnets attempt to join LRT as a party to this suit as improper and done only to defeat jurisdiction. *Id.* ¶ 1.

## A.     Improper Joinder

As noted previously, the main disagreement concerns whether LRT has been improperly joined in this lawsuit to defeat diversity jurisdiction. The parties do not appear to contest that if LRT was properly joined, the case should be remanded to state court. After reviewing the parties arguments as well as the relevant law, the Court concludes that LRT has been improperly joined in this suit and will recommend that the district court **DENY** the Bonnets' Motion.

Federal removal statutes allow for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Suits arising under diversity jurisdiction are not removable "if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Under Fifth Circuit precedent, there are two ways in which a party may establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*

4

*v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  LRI does not contend that the Bonnets fraudulently pleaded jurisdictional facts.  Thus, the issue in this case is whether the Bonnets are able to establish a cause of action against LRT in state court.

In determining whether LRT has been improperly joined, this Court considers "whether [LRT] has demonstrated that there is no possibility of recovery by [the Bonnets] against [LRT], which stated differently means that there is no reasonable basis for the district court to predict that [the Bonnets] might be able to recover against [LRT]."  *Id.*  "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one."  *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (internal citations and quotations omitted) (emphasis in original).  As the party claiming improper joinder, LRT bears a "heavy" burden of persuasion in demonstrating that it has been improperly joined.  *Id.* at 514.  To predict whether the Bonnets have a reasonable basis of recovery under state law, the Court can "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against [LRT]" or it may "in its discretion, pierce the pleadings and conduct a summary inquiry."  *Smallwood*, 385 F.3d at 573.  The Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the [Bonnets]."  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).  Similarly, any ambiguities of state law must also be resolved in the Bonnets' favor.  *Id.*  However, in deciding whether LRT has been improperly joined, the focus of the Court's inquiry "must be on the joinder, not the merits of [the Bonnets'] case."  *Smallwood*, 385 F.3d at 573.

Here, the Bonnets' claim against all defendants, including LRT, arises out of Carolyn Bonnet's visit to the Logan's Roadhouse location in Round Rock, Texas, in August, 2012.  The

Bonnets' argue that LRT was negligent in failing to (1) exercise ordinary care in maintaining the premises in reasonably safe conditions; (2) protect and safeguard invitees from unreasonably unsafe and dangerous conditions; (3) warn invitees of these conditions; and (4) adequately train, supervise, and terminate employees in accordance with the goal of maintaining safe conditions. Dkt. No. 7, Exh. 1. Under Texas law, a negligence claim consists of three essential elements: "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach."[1] *Ford v. Cimarron Ins. Co., Inc.*, 230 F.3d 828, 830 (5th Cir. 2000) (quoting *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). "[The Bonnets] must establish both the existence and the violation of a duty owed to [them] by [LRT] to establish liability in tort." *Greater Houston Transp. Co.*, 801 S.W.2d at 525. Moreover, whether a duty exists is a question of law to be decided by the court "from the facts surrounding the occurrence in question." *Id.*

In this case, the Bonnets' rely exclusively on two specific Texas statutes that they claim demonstrate that LRT, as the holder of liquor licenses, owed them a legal duty. They contend that the TABC and the TAC state that LRT can have its permits suspended or revoked for "maintain[ing] a noisy, lewd, disorderly, or unsanitary establishment . . ." and impose penalties for doing so. *See* TEX. ALCO. BEV. CODE § 11.61(b)(9); 16 TEX. ADMIN. CODE § 34.2. This argument is unconvincing. First, the TABC clearly states that it is the "*commission* or *administrator*" that may take action against the particular permittee for failure to comply with the regulations. TEX. ALCO. BEV. CODE § 11.61(b) (emphasis added). The statute does not indicate, nor have the Bonnets pointed to any case law to show, that a private party has a cause of action based upon the specific statutory

---

[1] Neither party appears to dispute that Texas law applies to the instant case. Both parties formulate their arguments based upon Texas law.

provision relied upon by the Bonnets.  Furthermore, the penalties imposed pursuant to the TAC are entirely dependent upon violations of the TABC, which are to be enforced by the commission or administrator and not private parties.  *See* 16 TEX. ADMIN. CODE § 34.2.  Given the clarity of the TABC in stating which entities may enforce the regulations, particularly the ones cited by the Bonnets, the Court declines to adopt their interpretation of the TABC.

Rather, in premises liability cases such as this one, the primary inquiry in determining liability is whether the defendant had control of the premises in question.  *See, e.g.*, *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) ("The relevant inquiry is whether the defendant assumed sufficient control over the part of the premises that presented the alleged danger so that the defendant had the responsibility to remedy it."); *City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986); *Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 592 (Tex.App.—Fort Worth 2008, pet. denied) ("A defendant, who was the owner or occupier of the premises at the time of the injury, must have had control of the premises to be liable under premises liability.").  In general, "a person who does not own the real property must assume control over and responsibility for the premises before there will be liability for a dangerous condition existing on the real property." *Dukes*, 252 S.W.3d at 592.  Additionally, "[t]he control that [LRT] had over the premises must relate to the condition or activity that caused the injury." *Id.* (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527–28 (Tex. 1997)).

Here, LRT submits the affidavit of John Gluth, the Director of Risk Management for Logan's Roadhouse, Inc.  Dkt. No. 8, Attachment 1.  Gluth states that the Logan's Roadhouse location in question is maintained and controlled by Logan's Roadhouse, Inc. ("LR"), a Tennessee corporation that is a co-defendant in this suit.  LR "is the only tenant for the premises, holds all food permits for

this location, and hires, trains, supervises, and terminates all Logan's employees that work at this premises." *Id.* On the other hand, LRT "does not own, operate, maintain, or control the Logan's premises at issue in this lawsuit." *Id.* Moreover, although the Bonnets seek to invoke provisions contained the TABC, their complaint is devoid of any allegations that the unsafe conditions experienced by Carolyn Bonnet were linked in any way to the sale of alcohol at the Logan's Roadhouse location in question. Simply put, the Court's review of the parties' filings, the record, and the relevant law reveals nothing that would demonstrate that the Bonnets have a *reasonable* possibility of recovery against LRT.

In addition, the Court also finds the Bonnets' interpretation of *Pichardo* to be unpersuasive. The *Pichardo* court cited deposition testimony which stated that Big Diamond did not operate nor own the store in question, but was only the holder of the alcohol licenses for that property. 215 S.W.3d at 502. Based on this testimony, the *Pichardo* court concluded that Big Diamond could not have owed the plaintiff a duty in that case. *Id.* The Bonnets seem to characterize the *Pichardo* decision as requiring full deposition testimony before LRT can satisfy its burden of persuasion as the party claiming improper joinder. Dkt. No. 11, ¶ 5. Although the Court recognizes that LRT carries a "heavy" burden in demonstrating improper joinder, it does not read the *Pichardo* decision to state that full depositions need to be conducted before a court may decide whether a party has been improperly joined. *See also Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 69–70 (5th Cir. 2010) (relying on an affidavit in affirming a district court's denial of motion to remand).

Finally, as the Court has already considered and rejected the Bonnets' contention that LRT owed them a duty based upon the referenced Texas statutory provisions above, the Court will also recommend that the district judge **DENY** the Bonnets Motion to the extent it seeks leave to amend

8

their complaint to include these statutory provisions.  Permitting the Bonnets to amend their complaint by adding the above-discussed statutory provisions would not cure the deficiencies with regard to their claim against LRT.

## IV.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion to Remand to State Court or Motion for Leave to Amend Plaintiffs' Complaint (Dkt. No. 7) in its entirety.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th  day of April, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE